# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 8389 | **DATE** | 11/2/2012 |
| **CASE TITLE** | Edgar Torres (B-03292) vs. Wexford Health Sources, et al. | | |

**DOCKET ENTRY TEXT**

The Court grants Plaintiff's motion for leave to file *in forma pauperis* [3], and assesses an initial filing fee of $39.60. The Court authorizes trust fund account officials at Plaintiff's place of confinement make deductions from Plaintiff's trust fund account in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Stateville Correctional Center. Plaintiff may proceed with his claims against Defendants Wexford Health Sources, Dr. Shute, Dr. Obeisi, Salvador Godinez, Marcus Hardy, and Darryl Edwards. All other Defendants are dismissed. The clerk shall issue summonses for service of the complaint through the U.S. Marshal on these Defendants. The clerk shall also send Plaintiff instructions for filing documents in this Court and a magistrate judge consent form. Plaintiff's motion for the appointment of counsel [4] is denied.

■[ For further details see text below.]        Docketing to mail notices.

# STATEMENT

Plaintiff, Edgar Torres, Stateville Correctional Center inmate #B-03292, has filed this 42 U.S.C. §1983 action against Dr. Shute, Dr. Carter, Dr. Obeisi, Warden Marcus Hardy, Assistant Warden Edwards, Illinois Department of Corrections Director Salvador Godinez, and Wexford Health Sources. Plaintiff alleges that he was transferred to Stateville in late 2011 or early 2012. He was diagnosed with an umbilical hernia. Because of pain and his hernia bleeding, he was referred several times to Dr. Shute in 2012, who allegedly "did nothing." (Compl. at 6-7.) Plaintiff states that, during this time, he wrote to or spoke with Warden Hardy, Assistant Warden Edwards, and IDOC Director Godinez, complaining about the lack of medical care. These Defendants also allegedly did nothing. In June 2012, he was admitted to St. Joseph Hospital, where emergency hernia surgery was performed. According to Plaintiff, the current Stateville Medical Director Dr. Obaisi has refused requests for Plaintiff to see "specialists" for post-surgical care. (Compl. at 8.)

Plaintiff's application to proceed *in forma pauperis* indicates that he is unable to prepay the $350 filing fee. The Court grants his motion to proceed *in forma pauperis* and assesses an initial partial filing fee of $39.60. *See* 28 U.S.C. § 1915(b)(1). The supervisor of inmate trust accounts at Plaintiff's place of confinement is authorized to collect the initial partial filing fee from Plaintiff's trust fund account, when adequate funds exists, and to continue making monthly payments from Plaintiff's account in an amount equal to 20% of the preceding month's income credited to the account. Monthly collected payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number of this action. Plaintiff shall remain responsible for the filing fee, and Stateville officials shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred.

The Court has conducted a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Plaintiff's allegations discussed above state a colorable cause of action against Defendants Dr. Shute, Dr. Obaisi, Warden Hardy, Assistant Warden Edwards, IDOC Director Godinez, and Wexford. *Gonzalez v. Feinerman,* 663 F.3d 311, 314 (7th Cir. 2011); *Arnett v. Webster*, 658 F.3d 742, 754-56 (7th Cir. 2011). However, the complaint lists Dr.

| STATEMENT |
|---|

Carter as a Defendant, but does not state how or if he was involved. Accordingly, Dr. Carter is dismissed as a Defendant.

The clerk shall issue summonses for service of the complaint on Defendants Dr. Shute, Dr. Obaisi, Wexford Health Sources, Warden Marcus Hardy, and Assistant Warden Edwards. Any service forms necessary for Plaintiff to complete will be sent to him by the Marshal. Plaintiff's failure to return those forms may result in the dismissal of unserved Defendants. With respect to any former employee who can no longer be found at Stateville, officials there shall furnish the Marshal with the Defendant's last known address. The information shall be used only for purposes of effectuating service, or to show proof of service should a dispute arise. Address information shall be retained only by the Marshal and shall neither be kept in the Court's file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service. If a waiver of service is not obtained, the Marshal shall then attempt personal service.

Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. Plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, he must send an exact copy of any court filing to the Defendants, or to their counsel if an attorney enters an appearance on their behalf. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to a judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

Plaintiff's motion for the appointment of counsel is denied without prejudice. The case at the present time does not involve complex issues, complex discovery, or an evidentiary hearing, and Plaintiff's current pleadings indicate that he may competently represent himself at this stage of the proceedings. *Pruitt v. Mote,* 503 F.3d 647, 656-59 (7th Cir. 2007).